**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**

LANCE R. BISHOP, SR.,

                              Plaintiff,

               - v -                              Civ. No. 9:21-CV-1027
                                                          (GLS/DJS)

SERGEANT PATRICK STOTLER,

                              Defendant.

**APPEARANCES:**                               **OF COUNSEL:**

LANCE R. BISHOP, SR.
Plaintiff, *Pro Se*
09-B-1765
Elmira Correctional Facility
P.O. Box 500
Elmira, New York 14902

HON. LETITIA JAMES                    MATTHEW GALLAGHER, ESQ.
Attorney General of the State of New York   Assistant Attorney General
Attorney for Defendant
The Capitol
Albany, New York 12224

**DANIEL J. STEWART**
**United States Magistrate Judge**

**REPORT-RECOMMENDATION and ORDER**

      Plaintiff, an inmate in the custody of the New York State Department of Corrections and Community Supervision ("DOCCS"), brought this action pursuant to 42 U.S.C. § 1983. The Complaint alleges that a misbehavior report was filed against Plaintiff in retaliation for Plaintiff's statement that he intended to file a grievance against

Defendant. Dkt. No. 1, Compl. Defendant now moves for summary judgment based on the merits of that claim. Dkt. Nos. 20 & 20-4, Def.'s Mem. of Law. Plaintiff opposes the Motion. Dkt. No. 27. Defendant has filed a Reply. Dkt. No. 28. For the reasons set forth below, the Court recommends that Defendant's Motion be denied.

## I. BACKGROUND

Plaintiff's Complaint concerns events on February 22, 2020, while he was an inmate at Clinton Correctional Facility. Compl. at ¶ 8. On that date, Plaintiff moved ahead of other inmates in the mess hall line to speak with another inmate. *Id.* Doing so was a violation of DOCCS rules. Dkt. No. 20-3, Def.'s Rule 56.1 St. at ¶ 12; Dkt. No. 27, Pl.'s Rule 56.1 St. at ¶ 6. Plaintiff was instructed to return to his place in line and complied. Def.'s Rule 56.1 St. at ¶ 13; Pl.'s Rule 56.1 St. at ¶ 6. After getting his food, Plaintiff went to a table in the mess hall but did not sit where he was required to sit. Def.'s Rule 56.1 St. at ¶ 14; Pl.'s Rule 56.1 St. at ¶ 6. Members of correctional staff spoke with Plaintiff about sitting in the proper seat. Def.'s Rule 56.1 St. at ¶ 15; Pl.'s Rule 56.1 St. at ¶ 6. At some point, Defendant became involved, though the parties dispute the exact nature of the interaction between Plaintiff and Defendant. Defendant maintains that upon arriving on the scene Plaintiff became argumentative and made inappropriate comments, resulting in a disruption among inmates in the mess hall. Dkt. No. 20-2, Stotler Decl. at ¶¶ 18-23. Plaintiff denies certain particulars of Defendant's version of events, while conceding that he told Defendant to "get the hell out of my face." *See generally* Pl.'s Rule 56.1 St. at ¶¶ 7-11.

2

Defendant issued a misbehavior report to Plaintiff and placed him on keeplock status. Stotler Decl. at ¶¶ 22-23 & Ex. A. Plaintiff alleges that during the interaction with Stotler Plaintiff told Defendant that he intended to file a grievance against him. Compl. at ¶ 8. Plaintiff did file a grievance that day. Dkt. No. 1-1 at pp. 7-8. Plaintiff testified that he remained on keeplock status pending his disciplinary hearing. Dkt. No. 20-1, Pl.'s Dep. at p. 64. Plaintiff was ultimately found not guilty of all the charges in the misbehavior report. Dkt. No. 1-1 at p. 12.

## II. STANDARD OF REVIEW

Pursuant to FED. R. CIV. P. 56(a), summary judgment is appropriate only where "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." The moving party bears the burden to demonstrate through "pleadings, depositions, answers to interrogatories, and admissions on file, together with [] affidavits, if any," that there is no genuine issue of material fact. *F.D.I.C. v. Giammettei*, 34 F.3d 51, 54 (2d Cir. 1994) (quoting *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986)).

To defeat a motion for summary judgment, the non-movant must set out specific facts showing that there is a genuine issue for trial and cannot rest merely on allegations or denials of the facts submitted by the movant. FED. R. CIV. P. 56(C); see also *Scott v. Coughlin*, 344 F.3d 282, 287 (2d Cir. 2003) ("Conclusory allegations or denials are ordinarily not sufficient to defeat a motion for summary judgment when the moving party has set out a documentary case."); *Rexnord Holdings, Inc. v. Bidermann*, 21 F.3d 522,

525-26 (2d Cir. 1994). To that end, sworn statements are "more than mere conclusory allegations subject to disregard ... they are specific and detailed allegations of fact, made under penalty of perjury, and should be treated as evidence in deciding a summary judgment motion" and the credibility of such statements is better left to a trier of fact. *Scott v. Coughlin*, 344 F.3d at 289 (citing *Flaherty v. Coughlin*, 713 F.2d 10, 13 (2d Cir. 1983) and *Colon v. Coughlin*, 58 F.3d 865, 872 (2d Cir. 1995)).

When considering a motion for summary judgment, the court must resolve all ambiguities and draw all reasonable inferences in favor of the non-movant. *Nora Beverages, Inc. v. Perrier Group of Am., Inc.*, 164 F.3d 736, 742 (2d Cir. 1998). In considering a summary judgment motion, the Court's role "is carefully limited to discerning whether there are any genuine issues of material fact to be tried." *Gallo v. Prudential Residential Servs., Ltd. P'ship*, 22 F.3d 1219, 1224 (2d Cir. 1994). Furthermore, where a party is proceeding pro se, the court must "read [his or her] supporting papers liberally, and ... interpret them to raise the strongest arguments that they suggest." *Burgos v. Hopkins*, 14 F.3d 787, 790 (2d Cir. 1994), accord, *Soto v. Walker*, 44 F.3d 169, 173 (2d Cir. 1995). Nonetheless, summary judgment is appropriate "[w]here the record taken as a whole could not lead a rational trier of fact to find for the non-moving party." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986).

## III. DISCUSSION

"To prevail on a First Amendment retaliation claim, an inmate must establish '(1) that the speech or conduct at issue was protected, (2) that the defendant took adverse action against the plaintiff, and (3) that there was a causal connection between the protected conduct and the adverse action.'" *Holland v. Goord*, 758 F.3d 215, 225 (2d Cir. 2014) (quoting *Espinal v. Goord*, 558 F.3d 119, 128 (2d Cir. 2009)). The plaintiff must establish that "the protected conduct was a substantial or motivating factor" behind the retaliatory action. *Graham v. Henderson*, 89 F.3d 75, 79 (2d Cir. 1996). The Second Circuit has warned that "courts must approach prisoner claims of retaliation with skepticism and particular care." *Dawes v. Walker*, 239 F.3d 489, 491 (2d Cir. 2001) (citing *Flaherty v. Coughlin*, 713 F.2d 10, 13 (2d Cir. 1983)). This is true because given the nature of a retaliation claim they are "easily fabricated" and as a result "virtually any adverse action taken against a prisoner by a prison official - even those otherwise not rising to the level of a constitutional violation - can be characterized as a constitutionally proscribed retaliatory act." *Dawes v. Walker*, 239 F.3d at 491.

Plaintiff alleges that he stated his intention to file a grievance against Defendant before Defendant advised him that a misbehavior report was being issued. Compl. at ¶¶ 8-9. Specifically, he stated that he told Stotler of his intent to file a grievance while in the mess hall, learned he was keeplocked later that day, and received the misbehavior report the next day. *Id.* An inmate has a constitutional right to file a grievance against a correctional staff member. *Roland v. Smith*, 907 F. Supp. 2d 385, 391 (S.D.N.Y. 2012)

5

(citing *Franco v. Kelly*, 854 F.2d 584, 589 (2d Cir. 1988)). Plaintiff's statement to Stotler that he intended to file a grievance was also protected activity. *Brown v. Brown*, 2010 WL 1186569, at *5 (N.D.N.Y. Jan. 19, 2010), *report and recommendation adopted*, 2010 WL 1186566 (N.D.N.Y. Mar. 24, 2010); *Coleman v. Beale*, 636 F. Supp. 2d 207, 211 (W.D.N.Y. 2009). Plaintiff did file a grievance that day. Dkt. No. 1-1 at pp. 7-8. Here, taken as true, Plaintiff's allegations sufficiently allege that he engaged in protected activity.[1]

Next, the Court considers whether Plaintiff has alleged an adverse action. In the context of inmate retaliation claims, adverse action is viewed objectively and requires the Court to ask whether the action taken with respect to the inmate "would deter a similarly situated individual of ordinary firmness from exercising . . . constitutional rights." *Gill v. Pidlypchak*, 389 F.3d 379, 381 (2d Cir. 2004) (quoting *Davis v. Goord*, 320 F.3d 346, 353 (2d Cir. 2003)). Courts have long recognized that if the alleged retaliation is not something that would deter an individual from exercising their rights, the alleged conduct is *de minimis* and "outside the ambit of constitutional protection." *McFadden v. Friedman*, 2015 WL 5603433, at *9 (N.D.N.Y. Sept. 23, 2015). The filing of a false misbehavior report that results in some form of punishment that cannot be labeled *de minimis* has been found sufficient to constitute adverse action. *See*, *e.g.*, *Reed v. Doe No. 1*, 2012 WL 4486086, at *5 (N.D.N.Y. July 26, 2012) (finding that the "filing of a false

---

[1] Defendant focuses on Plaintiff's conduct during his interaction with Sgt. Stotler and contends that it was not constitutionally protected. Def.'s Mem. of Law at pp. 5-6. Plaintiff, however, clearly alleges that his stated intention to file a grievance is the relevant protected activity. Compl. at ¶ 8.

6

misbehavior report can qualify as an adverse action for the purposes of a First Amendment retaliation" where the report resulted in a fourteen-day term in keeplock confinement), *report and recommendation adopted*, 2012 WL 4486085 (N.D.N.Y. Sept. 27, 2012). However, the mere filing of a misbehavior report alone, without evidence of other repercussions does not constitute an adverse action. *Bartley v. Collins*, 2006 WL 1289256, at *7 (S.D.N.Y. May 10, 2006) (finding misbehavior report that resulted in plaintiff's temporary loss of privileges did not amount to adverse action but misbehavior report that resulted in keeplock confinement for ten days did). In this case, while Plaintiff was found not guilty of the charges, Dkt. No. 1-1 at p. 12, it appears that he was placed on keeplock status pending the final resolution of the misbehavior report. Stotler Decl. at ¶ 23. Being placed in keeplock status can constitute an adverse action. *Gill v. Pidlypchak*, 389 F.3d at 383. Here, the record, viewed in the light most favorable to Plaintiff, is that he was in keeplock from February 22 until the charges were dismissed against him on March 4. Dkt. No 1-1 at p. 12; Pl.'s Dep. at p. 64. That period of eleven days is sufficient to at least raise a question of fact as to whether Plaintiff suffered an adverse action. *Wells v. Wade*, 2000 WL 1239085, at *4 (S.D.N.Y. Aug. 31, 2000) ("a rational trier of fact could find that the filing of a frivolous misbehavior report that resulted in thirteen days of pre-hearing 'keeplock' confinement would be likely to chill a person of ordinary firmness from continuing to engage in activity protected by the First Amendment namely, pursuing a prison grievance."); *see also Barnes v. Craft*, 2008 WL 3884369, at *11 n.53 (N.D.N.Y. Aug. 18, 2008) (citing cases).

Lastly, the Court must consider whether Plaintiff has sufficiently alleged a causal connection between his purported protected activity and the adverse action. Causal connection requires Plaintiff to prove that "the protected conduct was a substantial or motivating factor" behind the retaliatory action. *Graham v. Henderson*, 89 F.3d at 79. To establish such a connection courts consider: (1) the temporal proximity between the protected activity and the alleged retaliatory act; (2) the prisoner's prior good disciplinary record; (3) the prisoner's vindication at his disciplinary hearing; and (4) the defendant's statements regarding their motive. *See Colon v. Coughlin*, 58 F.3d 865, 872-73 (1995).

Here, there is a very close temporal proximity between the alleged protected conduct and the retaliatory action. Plaintiff alleges that he told Defendant of his intent to file a grievance against him and later that same day he was notified that he was keeplocked and received the misbehavior report the following day. Compl. at ¶ 8; Pl.'s Dep. at pp. 61 & 65. The record does not disclose what, if any, prior disciplinary record Plaintiff has, but he was found not guilty of each of the charges in the Stotler misbehavior report. Dkt. No. 1-1 at p. 12. Defendant denies any retaliatory motive. Stotler Decl. at ¶ 27. While "[a] lack of knowledge regarding the allegedly protected activity defeats a retaliation claim," *Girard v. Cuttle*, 2018 WL 4190140, at *7 (N.D.N.Y. Aug. 10, 2018), *report and recommendation adopted sub nom. Girard v. Chuttey*, 2018 WL 4188431 (N.D.N.Y. Aug. 31, 2018), *aff'd*, 826 F. App'x 41 (2d Cir. 2020), here there is a dispute about key facts underlying Plaintiff's claim – whether he told Defendant of his intent to file a grievance against him and, if so, whether doing so precipitated the issuance of the

8

misbehavior report.  Taken together these facts could, in the view most favorable to Plaintiff, support a finding of a causal connection.

For these reasons, the Court recommends that the Motion for Summary Judgment be denied.

### IV.  CONCLUSION

For the reasons stated herein, it is hereby

**RECOMMENDED**, that Defendant's Motion for Summary Judgment (Dkt. No. 20) be **DENIED**; and it is

**ORDERED**, that the Clerk of the Court serve a copy of this Report-Recommendation and Order upon the parties to this action.

Pursuant to 28 U.S.C. § 636(b)(1), the parties have fourteen (14) days[2] within which to file written objections to the foregoing report.  Such objections shall be filed with the Clerk of the Court.  **FAILURE TO OBJECT TO THIS REPORT WITHIN FOURTEEN (14) DAYS WILL PRECLUDE APPELLATE REVIEW**.  *Roldan v. Racette*, 984 F.2d 85, 89 (2d Cir. 1993) (citing *Small v. Sec'y of Health and Human Servs.*,

---

[2] If you are proceeding *pro se* and are served with this Report-Recommendation and Order by mail, three additional days will be added to the fourteen-day period, meaning that you have seventeen days from the date the Report-Recommendation and Order was mailed to you to serve and file objections.  FED. R. CIV. P. 6(d).  If the last day of that prescribed period falls on a Saturday, Sunday, or legal holiday, then the deadline is extended until the end of the next day that is not a Saturday, Sunday, or legal holiday.  FED. R. CIV. P. 6(a)(1)(C).

892 F.2d 15 (2d Cir. 1989)); *see also* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72 & 6(a).

Date: January 18, 2023
       Albany, New York

                                      Daniel J. Stewart
                                      U.S. Magistrate Judge